J-S32006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :      IN THE SUPERIOR COURT OF
                                     :                 PENNSYLVANIA

             Appellee          :

                         :

             v.                :

                         :

MARK ALLEN PRINKEY,              :

                         :

             Appellant        :            No. 925 WDA 2014

Appeal from the Judgment of Sentence entered on February 19, 2014
in the Court of Common Pleas of Bedford County,
Criminal Division, No. CP-05-CR-0000242-2007

BEFORE: SHOGAN, OLSON and MUSMANNO, JJ.

DISSENTING MEMORANDUM STATEMENT BY MUSMANNO, J.: **FILED JULY 28, 2015**

While the Majority provides a well-reasoned legal analysis, I write separately to note my concern over the doubling of Appellant's sentence on remand.

Previously, Appellant was convicted of attempted involuntary deviate sexual intercourse with a child less than thirteen years old ("attempted IDSI"), attempted indecent assault of a person less than thirteen years of age, and corruption of a minor. For these convictions of one felony and two misdemeanors, the trial court sentenced Appellant to an aggregate prison term of ten to 25 years.

On prior appeal, this Court reversed Appellant's conviction for attempted IDSI and vacated his sentence for that offense. Because vacating Appellant's sentence for attempted IDSI disrupted the trial court's

sentencing scheme, this Court remanded for resentencing as to the remaining misdemeanor offenses. On remand, however, the Commonwealth sought the imposition of the mandatory minimum sentence, pursuant to 42 Pa.C.S.A. § 9718.2. Applying section 9718.2, the trial court sentenced Appellant to twenty-five to fifty years in prison. Thus, for Appellant's two remaining misdemeanor convictions, the trial court more than doubled Appellant's sentence.

In his brief, Appellant argued that he should not be penalized for proving his innocence to a charge on appeal. Brief for Appellant at 10. Undoubtedly, by vacating Appellant's sentence for his felony conviction of attempted IDSI, this Court disrupted the trial court's sentencing scheme. However, on remand, doubling Appellant's sentence, even by application of a statutory mandatory minimum sentencing provision, appears suspect and vindictive.

As our United States Supreme Court has long recognized, "due process of law … requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *See North Carolina v. Pearce*, 395 U.S. 711, 725 (1969). Because, the doubling of Appellant's sentence appears to be "punishment" for Appellant's successful appeal, I respectfully dissent.